UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Serge Eric Bayard,
    Petitioner

    v.                                             Civil No. 10-cv-442-SM
                                                         Opinion No. 2010 DNH 186

H.L. Hufford, Warden FCI Schuylkill,
    Respondent

**O R D E R**

Following a jury trial, Serge Bayard was convicted of the unauthorized use of an access device and aggravated identity theft. He was sentenced to serve 36 months in prison. Invoking the provisions of 28 U.S.C. § 2241, Bayard now seeks habeas corpus relief, asserting that the respondent has improperly calculated his projected release date from prison by failing to properly credit Bayard with all of the time that he spent in pretrial detention. For the reasons set forth below, Bayard's petition is denied.

**Background**

According to Bayard's petition, in January of 2009, he was arrested and charged in state court with criminal trespass. He was detained pending trial. Three months later, on April 10, 2009, he was charged with various federal crimes involving identity theft. A federal detainer was lodged against him.

While he was held in state custody Bayard was eventually convicted of the state trespass charge and, on August 5, 2009, he was sentenced to "time served" (which included his state pretrial detention time). The following day, he was arraigned on the federal charges and, again, he was detained pending trial. Following his conviction on the federal charges, the 36 month federal sentence was imposed.

Bayard contends that the Bureau of Prisons ("BOP") has not properly calculated his federal release date. According to Bayard, he is entitled to credit for <u>all</u> the time he spent in pretrial detention - that is, from the date on which he was originally detained on state charges (January 10, 2009) through the date on which he was arraigned on the federal charges (August 6, 2009). But, he says, the BOP informed him that he is not entitled to credit for those seven months because that time was credited against his state sentence. <u>See generally</u> 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence.").

As Bayard recognizes, for him to obtain credit for all (or at least some) of the time he spent in pre-trial detention before

August 6, 2009, his state conviction for criminal trespass must first be vacated. Not surprisingly, then, he asserts that his underlying state conviction was constitutionally flawed. But, because he likely also recognizes that he would have difficulty establishing the "in custody" requirement necessary to federal habeas relief (28 U.S.C. § 2254) from his state court conviction (he has fully served that sentence and it does not appear that he is on either parole or probation), he brings this action under 28 U.S.C. § 2241, asserting that his federal sentence is not being properly calculated by the BOP.

## Discussion

Because there are several claims contained within Bayard's petition, it is difficult to determine whether it is properly viewed as a section 2255 petition (challenging his federal sentence), a section 2254 petition (challenging his underlying state conviction), or, as he claims, a section 2241 petition (challenging the calculation of his federal sentence). But, this much is reasonably well established by the record: the BOP has properly calculated Bayard's federal sentence and his probable release date, given Bayard's underlying state conviction. To obtain the relief he seeks (credit against his federal sentence for time already credited against his state sentence), Bayard must first obtain vacation of that state conviction. Then, he

could request BOP to recalculate his probable release date and properly credit him with some of the pretrial detention time no longer credited against a state sentence. See, e.g., Rogers v. United States, 180 F.3d 349, 357-58 (1st Cir. 1999) (noting that before an inmate can bring a federal action challenging the BOP's calculation of a federal sentence, the inmate must first exhaust available BOP administrative remedies). Finally, if the BOP failed to properly credit his time in pretrial detention, Bayard could return to this court to seek relief under 28 U.S.C. § 2241. See id. at 358 n.16.

I.   Habeas Corpus and the "Custody" Requirement.

Turning to the first of those three steps - Bayard's challenge to his underlying state court conviction - it is clear that, whether it is properly viewed as a section 2241 petition or a section 2254 petition, Bayard is not entitled to the relief he seeks. As a preliminary matter, there is no suggestion that Bayard is "in custody" with regard to his state conviction. See generally 28 U.S.C. §§ 2241(c)(1)-(3) and 2254(a). See also Maleng v. Cook, 490 U.S. 488, 490 (1989) ("The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'") (quoting 28 U.S.C. § 2241(c)(3))

4

(emphasis in original).  As noted above, upon his conviction, Bayard was sentenced by the state court to "time served."  And, there is no indication in the record that he is currently on any type of state parole or supervised release related to that conviction.  That state sentence has, then, "fully expired."  Maleng, 490 U.S. at 492.  Moreover, Bayard has not even alleged that he meets the "custody" requirement with respect to the underlying state court conviction and sentence.

Nevertheless, Bayard says the court should consider his petition because "invalidation of the state conviction would also shorten Petitioner's federal sentence [because] Petitioner's criminal history points would be reduced by 2 which would place him in a criminal history points category II, which, in turn, would shorten his maximum imposed consecutive sentence on § 1029(a)(2) count from 12 months to 10 months."  Habeas petition at 3 n.1.  The fact that Bayard's state conviction (as to which the sentence has "fully expired") may have served to augment his subsequent federal sentence is not sufficient to meet the "in custody" requirement of habeas corpus law, nor does it otherwise vest this court with jurisdiction to address the merits of his habeas petition.  As the Supreme Court has held:

> The question presented by this case is <u>whether a habeas petitioner remains "in custody" under a conviction after the sentence imposed for it has fully expired</u>,

5

> merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. <u>We hold that he does not</u>. While we have very liberally construed the "in custody" requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction. Since almost all States have habitual offender statutes, and many States provide as Washington does for specific enhancement of subsequent sentences on the basis of prior convictions, a contrary ruling would mean that a petitioner whose sentence has completely expired could nonetheless challenge the conviction for which it was imposed at any time on federal habeas. This would read the "in custody" requirement out of the statute and be contrary to the clear implication of the opinion in <u>Carafas v. LaVallee</u> [391 U.S. 234 (1968)].
>
> In this case, of course, the possibility of a sentence upon a subsequent conviction being enhanced because of the prior conviction actually materialized, but we do not think that requires any different conclusion. <u>When the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore "in custody."</u>

<u>Maleng v. Cook</u>, 490 U.S. at 492-93 (1989) (emphasis supplied).

<u>See also</u> <u>Lackawanna County Dist. Attorney v. Coss</u>, 532 U.S. 394, 402 (2001).


II.  <u>Procedural Default</u>.

Moreover, even if Bayard could satisfy the "in custody" requirement (and assuming he properly exhausted his claims before the state court), he still would not be entitled to the relief he seeks. Bayard's challenges to his state court conviction were procedurally defaulted. All but one of those challenges were

6

deemed waived, because they were not briefed in Bayard's appeal to the state supreme court.  See Exhibit 1 to habeas petition (document no. 1-1), State v. Bayard, No. 2009-0631 (N.H. Sept. 14, 2010) ("The issues raised in the defendant's notice of appeal but not addressed in his brief are deemed waived.") (citing In re Estate of King, 149 N.H. 226, 230 (2003)).  Similarly, the one substantive claim actually addressed in Bayard's brief to the New Hampshire Supreme Court was also resolved on state procedural grounds.

> The record does not demonstrate that the defendant raised this issue with the trial court after the close of the State's case.  It is a long-standing rule that parties may not have judicial review of matters not raised in the trial court.

Id. (citation omitted).

The procedural default doctrine provides that a federal court will not consider a claim for habeas relief that was rejected by a state court for failure to comply with that court's procedural requirements, Coleman v. Thompson, 501 U.S. 722, 732 (1991), provided those procedural requirements amount to "a firmly established and regularly followed state practice," Ford v. Georgia, 498 U.S. 411, 423-24 (1991) (internal quotation marks omitted).  As the court of appeals has observed, a claim for

habeas relief is procedurally defaulted in either of two situations.

> First, a claim is procedurally defaulted if the state court has denied relief on that claim on independent and adequate state procedural grounds. Second, a claim is procedurally defaulted if it was not presented to the state courts and it is clear that those courts would have held the claim procedurally barred.

Pike v. Guarino, 492 F.3d 61, 73 (1st Cir. 2007) (citations omitted). The doctrine applies whether the procedural default occurred at trial, on direct appeal, or in the context of a collateral proceeding, and is "grounded in concerns of comity and federalism." Edwards v. Carpenter, 529 U.S. 446, 451 (2000) (citation omitted). Because a petitioner who has failed to meet a state's procedural requirements for presenting his federal claims has deprived the state court of an opportunity to address those claims in the first instance, a federal court will consider them only if the petitioner demonstrates cause for his state-court default and prejudice resulting therefrom. Id. And, even assuming Bayard could satisfy the "cause and prejudice" standard, none of the claims advanced in his petition is meritorious.

As an aside, the court notes that Bayard suggests (but certainly does not develop any supportive argument) that his appellate counsel was ineffective for having failed to fully brief all the issues Bayard raised in his notice of appeal to the

state supreme court. Plainly, however, that claim has not been exhausted before the state court and until it is, Bayard cannot advance it in this forum in a habeas petition. See 28 U.S.C. § 2254(b)(1)(A). Moreover, as noted above, Bayard has not shown that he meets the "custody" requirement with respect to that state court conviction. Thus, it would seem that Bayard is precluded from collaterally challenging his state court conviction in this court.

But, all is not lost for Bayard. He is not yet time-barred from pursuing such a claim in the state court. See N.H. Rev. Stat. Ann. 526:4 ("A new trial shall not be granted unless the petition is filed within three years after the rendition of the judgment complained of, or the failure of the suit."). See also State v. Looney, 154 N.H. 801, 804 (2007) ("In the context of a criminal case, a judgment is 'rendered' when the sentence has been imposed by the trial court."). So, while he may not collaterally attack his "fully expired" state sentence or conviction in this court, he may well be able to do so in the state system.

## Conclusion

As of August 5, 2009, Bayard had fully served his state court sentence for misdemeanor criminal trespass. Consequently,

he is no longer "in custody" for federal habeas corpus purposes. He cannot, then, collaterally attack that state court conviction (or sentence) in this court. But, even if he could, he would not be entitled to the relief he seeks, as he has not shown cause for, and prejudice from, his state procedural defaults and, more fundamentally, none of the claims he advances has merit.

The petition for habeas corpus relief (document no. 1) is denied. The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

October 22, 2010

cc: Serge E. Bayard, pro se